## A. Margaret BOK et al.

v.

## NORTHEAST HEALTH.

Supreme Judicial Court of Maine.

Argued Nov. 12, 1991.
Decided Dec. 16, 1991.

Thad B. Zmistowski (orally), Eaton, Peabody, Bradford & Vigue, P.A., Bangor, for plaintiffs.

John P. Doyle, Jr. (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

In 1983 the then incorporators of Camden Health Care Center reorganized their not-for-profit corporation to make it a subsidiary of defendant Northeast Health. Plaintiffs A. Margaret Bok and eight other 1983 incorporators[1] have brought the present action to rescind that reorganization and to return Camden Health to its independent status. They ground their suit for rescission upon a claim that the parent corporation, Northeast Health, made contractual commitments to provide efficiencies of scale and coordination of patient services as an inducement to the 1983 incorporators to vote for the reorganization, and that Northeast Health is now in breach of those commitments. After hearing, the Superior Court (Knox County, *Kravchuk, J.*) found as a fact that assuming that Northeast Health's 1983 representations to the Camden Health incorporators were legally enforceable promises, Northeast Health continued to comply with those promises and thus it had committed no breach. Accordingly, the court entered judgment for Northeast Health. On the 1983 incorporators' appeal, we affirm.

Camden Health Care Center provides long-term health care services to elderly residents of Camden and surrounding communities. Defendant Northeast Health was incorporated in December 1982 as a not-for-profit corporation for the "exclusively charitable and educational purpose of coordinating and improving the provision of health care." It came into existence on the recommendation of a joint finance committee consisting of representatives of both the Camden Community Hospital and Health Care Center (the predecessor of Camden Health) and Penobscot Bay Medical Center located in Rockport. The joint committee had been established to review ways in which the area served by the two hospitals could better meet its health care needs at a time of competition and duplication of facilities between the hospitals and at a time when Camden Health was suffering significant financial losses. The joint committee proposed a single corporate system for health care delivery for the area, recommending the creation of Northeast Health to be the sole incorporator of both Camden Health and Penobscot Bay, which would become in effect "wholly owned" subsidiaries of that parent corporation. In March 1983 the incorporators of Camden Health voted, 102-to-4, to carry out the reorganization and Camden Health proceeded to amend its articles of incorpo-

---

1. For the purposes of this appeal we assume that the nine plaintiffs are entitled to assert any legal rights that the full board of incorporators at the time of the reorganization of Camden Health Care Center could assert.

ration and by-laws accordingly. Penobscot Bay also reorganized to enter into the identical affiliation with Northeast Health.

From 1984 to 1988, Northeast Health provided fiscal planning, marketing, and other administrative services for Camden Health in accordance with two successive written agreements. Those service agreements provided that either party could terminate if its best interests were no longer effectively served. By December 1988 both Northeast Health and its subsidiaries, including Camden Health, had become disturbed with the heavy burden of the parent's administrative expense. That month Northeast Health's board of trustees voted to dissolve its entire administrative staff and to leave all aspects of the day-to-day operations of the subsidiary institutions to their respective boards, Northeast Health assuming principally an oversight or advisory function. Over the next 22 months Northeast Health's board, over various objections from Camden Health's board of trustees, developed a revised plan for operating its health care delivery system, to give a greater role to an enlarged board of incorporators for the parent and to provide more control over and integration of the subsidiaries' boards of trustees.

When in October 1990 Northeast Health announced its intention to elect new trustees for Camden Health who would be sympathetic to the new plan, A. Margaret Bok and eight other individuals, who had been Camden Health incorporators at the time of its 1983 affiliation with Northeast Health, brought the present action.[2] In their action, the 1983 incorporators alleged that since Northeast Health had no administrative staff after April 1, 1989, it was in breach of the representations by which it had induced the 1983 incorporators to make Camden Health a subsidiary of Northeast Health; namely, representations that the parent would create efficiencies of scale by providing group purchasing and other system-wide support services through a centralized administrative staff and would co-

ordinate the provision of patient services among the affiliate organizations. They contended that those representations, together with their vote reorganizing Camden Health, created a binding contract between them and Northeast Health, and that as a result of Northeast Health's breach of that contract they were entitled to rescission of the reorganization and the restoration of Camden Health to its independent pre–1983 status.

For the purposes of this appeal we assume, but need not decide, that the representations Northeast Health made to the 1983 incorporators constituted a legally enforceable promise. The decisive issue on this appeal is whether the Superior Court committed reversible error in finding that in any event Northeast Health is not in breach of that promise. The court found the following facts:

In consideration for giving up their status as Incorporators of [Camden Health], the 1983 Incorporators received the promise of [Northeast Health] that it would create efficiencies of scale and coordinate the provision of patient services. [Northeast Health] continues to comply with that promise.... [T]he Court does not find that the original 1983 promise has been breached, but rather that the methods and manners of achieving those goals have been changed. It is not surprising that during the course of seven and one-half years the relationship between the parent entity and its subsidiary would undergo change. While the 1983 Incorporators may rightly think that [Camden Health] has not benefitted from this arrangement in the exact fashion anticipated by them, that fact does not mean that [Northeast Health] has breached its promise. The potential for long-term benefit remains and the purposes have not changed.

On appeal we review the trial court's factual conclusion by the "clearly erroneous" test. On the record before us, substantial evidence supports the court's finding. Fur-

---

2. Camden Health itself was also a named plaintiff in the action, but at the conclusion of the Superior Court proceeding the court permitted Camden Health to take a voluntary dismissal at the behest of the new board of trustees elected for it by its sole incorporator, Northeast Health, after the commencement of this action.

thermore, because the 1983 incorporators of Camden Health had the burden of proof in their action, we will on appeal reverse the court's finding that Northeast Health continues to comply with its 1983 promise only if the trial evidence compelled a contrary finding. *See Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983). Because the evidence did not compel a finding of a breach by Northeast Health, we cannot disturb the Superior Court's denial of the 1983 incorporators' request for rescission of the 1983 reorganization of Camden Health.

The entry is:

Judgment affirmed.

All concurring.